(No. 26853.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANNA LUND, Plaintiff in Error.

*Opinion filed January 21, 1943—Rehearing denied March 11, 1943.*

T. J. Sullivan, and Frank R. Sullivan, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, Richard B. Austin, and Alexander J. Napoli, of counsel,) for the People.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiff in error, Anna Lund, was tried in the criminal court of Cook county on an indictment containing two counts, the first count charging the larceny on May 17, 1941, of five slips, each of the value of $1.95, and three slips, each of the value of $1.69, and the second count, in addition to the same charge of larceny, alleging three prior convictions of petty larceny. Defendant entered a plea of not guilty, but by leave of court withdrew it and moved to quash the second count of the indictment. The motion was overruled and defendant renewed her plea of not guilty. The jury found that she was guilty of larceny as charged in the indictment; that the value of the property stolen was $11.50; that defendant, under the name of Anna Lund, had theretofore been convicted of petty larceny; and that the age of the defendant was then about thirty-two years.

Motions for a new trial and in arrest of judgment were made and overruled, and defendant was sentenced to the reformatory at Dwight for a period of one to three years, with the recommendation of a minimum of one year and a maximum of two years. She brings the record here by writ of error for review.

The motion to quash attacks the second count of the indictment as defective in the following particulars: (a) it does not allege that defendant was a person over the age of eighteen at the time of the prior convictions of petty larceny; (b) it does not allege the former convictions were and are still "subsisting;" and (c) it appears on the face of the indictment that more than three years have elapsed from the date of the alleged prior convictions.

Paragraph 393 of chapter 38, Illinois Revised Statutes 1941, upon which the second count is based, provides: "In case of a second conviction of the offense of petty larceny by any person over the age of eighteen years, the punishment shall be by imprisonment in the penitentiary for a term of not less than one year and not exceeding three years." The second count charges that the defendant had previously been convicted of petty larceny three times, but does not allege that she was over the age of eighteen years at the time of such prior convictions.

A criminal or penal statute, by well settled principles of law, is to be strictly construed in favor of the accused and nothing is to be taken by intendment or implication against him beyond the literal and obvious meaning of such statute. The object in construing criminal and penal as well as all other statutes is to ascertain the legislative intent. The rules as to strict or liberal construction are of value only as assisting in finding the real meaning of the statute. There is no need of construction to ascertain the meaning of a statute where the language is clear and unambiguous and the intention of the law-making power is manifestly apparent therefrom. If a statute creating or increasing a

penalty or punishment be capable of two constructions, undoubtedly that which operates in favor of the accused is to be adopted. A statute authorizing a more severe punishment to be inflicted upon one convicted of a second or subsequent offense is highly penal and should be strictly construed and not extended in its application to cases which do not, by the strictest construction, come under its provisions. (24 Corpus Juris Secundum p. 1144, Criminal Law, sec. 1959.) Nevertheless, strict construction is to be applied only when the ambiguity of the statute is reasonably open to question. The statute here involved specifies the punishment in case of a second conviction of the offense of petty larceny by any person over the age of eighteen years. No first conviction is mentioned, but it is self-evident that there can be no second conviction unless there has been a first or preceding similar conviction. Necessarily the description of the second conviction is also a description of the first conviction, and either conviction, whether it be the first or the second, must be that of the offense of petty larceny by a person over the age of eighteen years. This statute, when the language is given a reasonable meaning according to the sense in which the words are used, seems hardly susceptible of any other interpretation. A conviction of an accused at the age of sixteen and a second conviction at the age of nineteen would not constitute two convictions of a person over the age of eighteen years. If this statute be also susceptible of the construction contended for by the People, or if its real meaning is to any extent clouded by doubt or uncertainty, then in deciding what defendants are brought within its terms, we must be governed by the ancient and prevailing rule that all criminal laws and every provision thereof are subject to the strictest interpretation, and no defendant can be brought within the terms of the statute, nor anything taken as against an accused, unless the statute itself clearly and unmistakably includes the same within its operation, and

common sense will permit of no other interpretation. It cannot be seriously contended that the only reasonable and sensible construction to be gathered from the language and wording of the statute here involved is that the legislature, in applying the increased penalty, intended to charge against an offender over the age of eighteen years the petty thefts and delinquencies of childhood, taking no consideration of his immaturity at the time of the first transgression. The motion to quash the second count of the indictment should have been sustained.

The State introduced upon the trial evidence that defendant had previously been convicted three times of the offense of petty larceny. This evidence was incompetent and highly prejudicial. It had nothing to do with the larceny of May 17, 1941, for which the defendant was on trial under the first count of the indictment. Its effect was to give to the jury the details of her criminal record. Evidence of a distinct, substantive offense, in no way relevant to the matters in issue, cannot be admitted against a defendant being tried for a similar crime, for, to the mind of the average person, proof that the accused committed a similar offense, or one equally heinous in character, tends toward the belief that he is guilty of the crime charged. (*People* v. *Gawlick*, 350 Ill. 359.) A defendant charged with crime has a right to a fair and impartial trial according to the rules of law requiring the exclusion of incompetent and prejudicial evidence. Regardless of his depravity of character or how full of crime his past life may have been, he is entitled to be tried only upon competent evidence and to stand before the jury unprejudiced by improper reference to his former crimes. The law does not provide one method for trying innocent persons and another for trying guilty persons. All persons are presumed to be innocent of the crime with which they are charged until they have been proven guilty beyond a reasonable doubt according to the established methods of procedure.

(*People* v. *Gardiner,* 303 Ill. 204; *People* v. *Newman,* 261 id. 11.) The errors assigned in this case being presented on a bill of exceptions, it is necessary that the judgment be reversed and the cause remanded for a new trial under the first count, only, of the indictment. *People* v. *Atkinson,* 376 Ill. 623; *People* v. *Parker,* 356 id. 301.

There are other assignments of error appearing in the record, but as it is not likely that the situation from which they arose will recur upon another trial, it is not necessary that they be reviewed.

The judgment of the criminal court of Cook county is reversed and the cause remanded with directions to quash the second count of the indictment and to grant to the defendant a new trial.

*Reversed and remanded, with directions.*