(No. 31259.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES A. BYRNES, Plaintiff in Error.

*Opinion filed January 18, 1950.*

J ULIAN C. R YER, of Chicago, for plaintiff in error.

I VAN A. E LLIOTT, Attorney General, of Springfield, and J OHN S. B OYLE, State's Attorney, of Chicago, (J OHN T. G ALLAGHER, and R UDOLPH L. J ANEGA, both of Chicago, of counsel,) for the People.

Mr. J USTICE C RAMPTON delivered the opinion of the court:

Defendant was found guilty by a jury in the criminal court of Cook County of the crime of forgery and was sentenced under the Habitual Criminal Act to the penitentiary for a term of fourteen years. He has sued out this writ of error, seeking reversal on the grounds of insufficiency of the evidence, the admission of improper evidence for the People and exclusion of proper evidence offered by defendant, an erroneous refusal of the trial court to require the People to elect between various counts of the indictment, and error in finding defendant subject to sentence under the Habitual Criminal Act.

Defendant's contentions that the court erred in denying his motion for a bill of particulars and his motion to require the People to elect between counts of the indictment are without merit. The first four counts charged forgery with intent to defraud Industrial Service Engineers, Inc. The second four counts charged forgery with intent to defraud Prairie State Finance Corporation. All counts

were based upon the same transaction. The indictment specified that the forgery was committed by means of fictitious and spurious invoices, described the invoices and checks in question, and alleged that the finance company's check was deposited to the credit of Industrial Service Engineers, Inc., in its banking account with the Merchants National Bank, and that defendant forged the signature of Marshall J. Collins to the subsequent check, which was set forth in each count. At the close of the evidence the court granted a renewed motion by defendant to require the People to elect between counts, and the last four counts, charging intent to defraud Prairie State Finance Corporation were withdrawn. It is clear that the indictment informed the defendant of the crime with which he was charged in sufficient detail to enable him to prepare his defense. It was not, therefore, incumbent upon the trial court to require the People to furnish a bill of particulars. Neither was it reversible error for the court to deny defendant's motion to require an election between counts before trial. It is apparent that the offenses charged in the separate counts each relate to the same transaction, the differences being in the identity of the persons intended to have been defrauded, in the fact that some counts charged the actual forgery while others charged the uttering and passing as genuine a forged check, and in the fact that some counts contained allegations to establish application of the Habitual Criminal Act. Such differences are not of the character requiring the prosecutor to elect on which counts he will ask a conviction. An election will be required only where the offenses charged in the different counts are in fact distinct from each other and do not arise out of the same transaction. *People* v. *Pulliam*, 352 Ill. 318.

However, it is contended that the record of a former conviction of forgery in the State of Wisconsin, introduced by the prosecutor to invoke sentence under the Habitual Criminal Act, failed to show imprisonment in a peniten-

tiary, as required by that act, but showed merely a confinement in the House of Correction for Milwaukee County, Wisconsin. The Wisconsin sentence was confinement 'at hard labor in the House of Correction for Milwaukee County, for a general or indeterminate term of not less than one year nor more than five years.

The act provides that "Whenever any person who has been convicted of * * * forgery * * * when the punishment was imprisonment in the penitentiary, shall thereafter be convicted of any of such crimes, committed after the first conviction, the punishment shall be imprison- ment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor; * · * *. (Ill. Rev. Stat. 1947, chap. 38, par. 602.) In *People* v. *Perkins,* 395 Ill. 553, we held that actual imprisonment in the penitentiary · for the prior offense is a prerequisite to the imposition of aggravated punishment under the act, and that imprisonment in a reformatory is not sufficient. The question, therefore, is whether the Milwaukee County House of Correction comes within the classification of a penitentiary. In this State a house of correction is not a penitentiary or other State institution but is merely a place provided by the county, where persons convicted of crime are required to labor for the benefit of the county during the term of imprisonment. (*People* v. *Stavrakas,* 335 Ill. 570.) While in Wisconsin the Milwaukee House of Correction has been classed as a State reformatory within the meaning of the Wisconsin repeater statute, (*State* v. *Clementi,* 224 Wis. 145, 272 N.W. 29,) we cannot deem it equivalent to a penitentiary under the Illinois act. The People rely upon that case for the proposition that confinement in the Wisconsin institution satisfies the requirement of the Illinois statute for the greater punishment as an habitual criminal. But the *Clementi case* is clearly distinguishable from the case at bar in that the Wisconsin statute by its terms applied to imprisonment in

any State prison "or state reformatory." The Illinois statute contains no reference to prior imprisonment in a reformatory but is restricted to cases where the punishment was imprisonment in the penitentiary. The statute, in authorizing the imposition of a more severe punishment, is highly penal and should not be applied to cases which do not, by the strictest construction, come under its provisions. (*People* v. *Lund,* 382 Ill. 213.) We conclude, therefore, that the court erred in sentencing defendant under the Habitual Criminal Act.

Even though the defendant made no objection to the admission in evidence of the former conviction but also expressly consented to a stipulation relating the substance thereof, we think his contention that the case should be remanded for a new trial is well founded.

The count of the indictment attempting to bring defendant under the Habitual Criminal Act was defective and should be removed and stricken from the indictment. (*People* v. *Perkins,* 395 Ill. 553.) The defendant could not stipulate as to a matter of law. *National Bank of Colchester* v. *Murphy,* 384 Ill. 61; *People* v. *Levisen,* 404 Ill. 574, filed this day.

While the matter came before the jury by stipulation and without objection, the erroneous conclusion of law thereon was of sufficient purport to permeate the entire case and unduly influence and prejudice the jury against the defendant to an extent amounting to a denial of due process. It follows the judgment must be reversed and the cause remanded for a new trial, and it will not be necessary therefore to consider the other errors assigned and alleged to have occurred upon the trial.

*Reversed and remanded, with directions.*