(No. 32501.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM SHAMERY, Plaintiff in Error.

*Opinion filed May 20, 1953.*

WILLIAM SHAMERY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The plaintiff in error, hereinafter called defendant, was indicted in the criminal court of Cook County, for unlawful possession of a narcotic drug, called cannabis or marijuana. The indictment consisted of two counts, the first of which charged the defendant with unlawful possession of the drug contrary to the statute, and the second, in addition to charging him with unlawful possession, also set forth that he had been previously convicted in the municipal court of Chicago on January 19, 1937, on an information charging him with the unlawful possession of narcotic drugs in violation of the Uniform Narcotic Drug Act, and had been sentenced to confinement in the House of Correction for a period of 90 days.

After the indictment was returned in the instant case, a trial was had before the court, and the defendant was convicted on the second count of said indictment. Motions for new trial and in arrest of judgment were filed and overruled, as also was a motion to release the defendant on probation. Thereupon the defendant was sentenced to the

Illinois State Penitentiary for a term of not less than 15 years nor more than 20 years.

The Uniform Narcotic Drug Act, (Ill. Rev. Stat. 1951, chap. 38, par. 192.23,) upon which the indictment in this case was based, provides that whoever violates the act by the unlawful possession of narcotic drugs shall be fined for the first offense not more than $5000 or be imprisoned for not less than one nor more than 5 years or both. The act further provides that for any subsequent offense the violator shall be imprisoned in the penitentiary for any term from two years to life. It contains the further provision: "Any offense under this Act shall be deemed a subsequent offense if the violator shall have been previously convicted of a felony under any law of the United States of America, or of any State or Territory or of the District of Columbia relating to narcotic drugs."

Defendant contends that his conviction in the municipal court in 1937 was not for a felony and as a consequence his conviction by the criminal court in this case cannot be deemed a conviction for a "subsequent" offense within the meaning of the act. Therefore, he argues, the trial court upon finding him guilty in the instant case was limited in the punishment that it could impose upon him to that provided in the act for a first offender, to wit, a fine of not more than $5000 or imprisonment for a period of not less than one nor more than five years, or both, and that the court was in error when it imposed a sentence on him of not less than 15 years and not more than 20 years in this case.

Defendant contends that the statute in question is criminal or penal and in consequence thereof is to be strictly construed in favor of the accused and nothing is to be taken by intendment or implication against him beyond the literal and obvious meaning of the statute. (*People* v. *Lund,* 382 Ill. 213.) The case cited also states that the rules as to strict or liberal construction are of value only as assisting

in finding the real meaning of the statute, and there is no need of construction to ascertain the meaning of a statute where the language is clear and unambiguous and the intention of the law-making power is manifestly apparent therefrom. A statute itself affords the best means of its exposition, and if the legislative intent can be ascertained from its provisions, that intent will prevail without resorting to other aids for construction. *People* v. *Continental Ill. Nat. Bank,* 360 Ill. 454.

It is entirely unnecessary here to resort to extrinsic aids in order to construe this statute. Its meaning is clearly evident from the language employed. The unlawful possession of narcotic drugs is thereby made a criminal offense punishable by a fine of not more than $5000, or imprisonment for a period of not less than one year and not more than five years, or both, for the first offense. For any subsequent offense, the violator shall be imprisoned in the penitentiary for any term from two years to life. The first offense is not a felony, (Ill. Rev. Stat. 1951, chap. 38, par. 585,) nor does the statute require it to be so.

The defendant directs attention to the latter part of the statute which provides that any offense under this act shall be deemed a subsequent offense if the violator shall have been previously convicted of a felony under any law of the United States of America or of any State or Territory or of the District of Columbia relating to narcotic drugs. He argues that before the provision of the statute relating to subsequent offenses may have application, the first offense must necessarily be a felony. His contention is wholly without merit. The language of the statute is clear that the part thereof to which our attention is directed by defendant relates to an offender who, previous to violating the Illinois act, had been convicted of a felony under any law of the United States of America or any State or Territory or the District of Columbia relating to narcotic drugs. The language employed and the arrangement of each word, clause,

and paragraph indicates that the very purpose of the paragraph in question is to permit the application of the provision relating to punishment for subsequent offenses to those who had previously violated a narcotic drug law of the aforementioned governmental entities, and to render Illinois no longer a haven for those persons so previously convicted outside the jurisdiction of this State. This determination is substantiated by an inspection of the act as it existed before the amendment of 1951. At that time the first offense in Illinois was denominated a misdemeanor and a subsequent offense thereof rendered a violator subject to a prison term. The same thing remains true under the act as amended in 1951, but with the further provision relating to offenders who have previously been convicted of a felony under the narcotic drug laws of the United States of America, or any State or Territory or of the District of Columbia. The first offense, if committed in Illinois, could not be a felony and the subsequent offense provision could never operate if defendant's construction were true. It is clear, however, that no conflict arises from any of the provisions of the statute as interpreted above.

Therefore, the sentence imposed upon the defendant was proper and the judgment of the criminal court of Cook County is affirmed. *Judgment affirmed.*

Mr. JUSTICE MAXWELL, dissenting:

I am constrained to dissent from the majority opinion of the court. It appears evident from a reading of the section of the statute involved that it is highly penal in nature and that the rule announced by this court in *People v. Byrnes,* 405 Ill. 103, at page 107, should apply. We held in the *Byrnes case* that a statute which authorizes the imposition of a more severe punishment is highly penal and should not be applied to cases which do not, by the strictest construction, come under its provisions. The last paragraph of the statutory section in question, in defining a subsequent

offense, provides that the violator shall have been previously convicted of a felony under any law of the United States of America, or of *any* State or territory or the District of Columbia relating to narcotic drugs. The majority opinion seems to hold that the term "any state" means any State other than the State of Illinois. This conclusion can only be reached by implication and not by strict construction. If the legislature had such an intent, then it became incumbent upon it to express that intent clearly and unmistakably. This it failed to do, and it is therefore just as reasonable to assume and to imply that the legislature in referring to "any state" meant all forty-eight in the union, including Illinois.

By placing the latter construction upon the statute we are then able to support the validity of this statute against constitutional attack. If the majority opinion is fully extended, the effect of this holding will be to declare this statute discriminatory. A violator of the narcotic laws of another State must clearly have been convicted of a felony in that State before he can be punished under the aggravated penalty clause in this State for a subsequent violation within our boundaries. However, this would not be true for a person who committed two narcotic law misdemeanor violations in this State. I am unable to see any justification in such a classification and if it can be placed upon the basis only of geographical lines the apparent moral aim and purpose of our statute is of little force. I fear that the majority opinion would place a construction upon the statute that would be in contravention of the equal-protection clause of section 1 of the fourteenth amendment to the constitution of the United States. The judgment of the lower court should have been reversed and remanded for the imposition of the lesser penalty as provided for in the statute involved.