(No. 61723.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lee, v. JIMMIE HARDEN, Appellant.

*Opinion filed June 20, 1986.*

SIMON, J., dissenting.

Julius Lucius Echeles, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Joan S. Cherry and Kevin J. Cawley, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, the defendant, Jimmie Harden, a/k/a Mayo Turner, was convicted of armed robbery, a Class X felony, and sentenced to an extended term of 60 years (Ill. Rev. Stat. 1981, ch. 38., pars. 18—2, 1005—5—3.2(b)(1)). The appellate court, in affirming, held that the defendant did not preserve for review his contention that the trial court erred in imposing an extended-term sentence. (130 Ill. App. 3d 1158.) We granted the defendant's petition for leave to appeal (94 Ill. 2d R. 315).

On March 11, 1982, after finding the defendant guilty of armed robbery, the trial court considered a petition filed by the State for imposition of a mandatory life sentence under provisions of the habitual criminal statute (Ill. Rev. Stat. 1981, ch. 38, par. 33B—1(a)). That statute in part provides:

"Every person who has been twice convicted in any state court or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony or murder, and is thereafter convicted of a Class X felony or murder, committed after the two prior convictions, shall be adjudged an habitual criminal." (Ill. Rev. Stat. 1981, ch. 38, par. 33B—1(a).)

To support its petition the State introduced evidence of six convictions of the defendant in the circuit court of Cook County in 1966 for robbery, and a certified copy of the defendant's judgment of conviction in 1975 in the United States District Court for the Northern District of Illinois. The State submitted the Federal conviction as one for armed robbery, although the judgment of conviction literally stated that the defendant was convicted of "knowingly, wilfully and unlawfully by force, violence and intimidation robbing a bank *** in violation of Title 18, United States Code, Section 2113(d) and (e) as charged in counts 1 and 2." The defendant did not object to the admission of the certified copy or to the State's characterization of the Federal conviction as one for armed robbery. Rather, in contending that the requirements of the habitual criminal statute had not been satisfied, the defendant declared that his criminal record contained only one Class X felony, "the conviction of bank robbery in 1975." The trial court denied the State's petition, stating that the 1966 convictions were for robbery and not armed robbery, and thus were not convictions of Class X felonies. The court also noted that the Federal judgment did not refer to the conviction as one for armed bank robbery.

The trial court then conducted a hearing in aggravation and mitigation to determine the sentence to be imposed. The court received in evidence a presentence report. Clearly the report had been examined by the defendant, as he requested a minor deletion which is not relevant here. That was the only objection by the defendant to the report's contents. The court, in reviewing the report, observed that the defendant's criminal record showed a Federal conviction for "Armed Bank Robbery."

Section 5—5—3.2(b)(1) of the Unified Code of Corrections provides that a sentence for an extended term of

years may be imposed "[w]hen a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years \*\*\*." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(1).) The court determined that the statute was applicable, as the Federal offense and the robbery of which the defendant had just been convicted were committed with a deadly weapon, and sentenced the defendant to an extended term of 60 years. As has been stated, the appellate court held that the defendant waived any question regarding the extended term, and affirmed the sentence.

The defendant makes several contentions which are reducible to three claims: (1) the appellate court erred in holding there was a waiver of the question whether the Federal conviction was for armed bank robbery; (2) due process was violated when he was sentenced on what were untrue assumptions of his criminal record; and (3) his contention regarding the Federal conviction should be reviewed on the merits under the plain-error doctrine or because of his attorney's incompetent representation at his sentencing.

We consider that the appellate court correctly held that the defendant waived any question on the propriety of the imposition of an extended-term sentence based upon his Federal conviction.

During the trial court's consideration of the State's petition for imposition of a life sentence under the habitual criminal statute, the defendant admitted that the Federal conviction in 1975 was a Class X felony; in fact, he stated that the Federal conviction was the only Class X felony to consider under the habitual criminal statute. Too, during the hearing in aggravation and mitigation, the defendant, except for a request for a minor deletion, did not object to the admission of the presentence report, nor to its reference to the defendant's having had

a Federal conviction for armed bank robbery. Finally, the defendant made no objection when, in reviewing factors in aggravation, the trial court judge described the Federal conviction as one for armed robbery and on that ground imposed the extended-term sentence. By not objecting to the characterization of the Federal conviction as armed robbery, and maybe more strongly, by admitting it was a Class X offense, the defendant did not preserve for review the contention he makes here. See *People v. Godinez* (1982), 91 Ill. 2d 47, 56-57 (where objection to the consideration of a codefendant's statement contained in a presentence report was held to be waived when, as here, the defendant failed to object to inclusion of the statement despite acknowledgment of receiving the report and objecting to the inclusion of other materials in it); *People v. Burdine* (1978), 57 Ill. App. 3d 677, 688 (where inaccuracies as to the defendant's prior criminal record made during the sentencing hearing were held to be waived by the defendant's failure, as here, to point out the error in the presentence report and to object to the assistant State's Attorney's reference to the conviction as one for armed robbery when the police report indicated a conviction for robbery).

The defendant next argues that we should consider his contentions under the doctrine of plain error. That provides that plain errors or defects, although not objected to and brought to the attention of the trial court, may be noticed and considered "where the evidence is closely balanced or the error so egregious that a denial of a fair trial or sentencing hearing resulted." (*People v. Neal* (1985), 111 Ill. 2d 180, 196-97; 87 Ill. 2d R. 615(a).) The defendant contends that he was sentenced on the basis of materially false information. Claiming that his Federal conviction was for robbery, not armed robbery, he notes that in denying the State's petition for imposition of a life sentence under the habitual criminal stat-

ute, the trial court, referring to the Federal conviction, stated that it "[d]oesn't say anywhere in there it's Armed Bank Robbery." This, the defendant contends, shows that he was not convicted of armed robbery and an extended-term sentence should not have been imposed.

The defendant's contentions are not persuasive. Although it is not explicitly stated in the Federal judgment and commitment order that the defendant was convicted of an armed robbery, the order does state that he was convicted of violating sections 2113(d) and (e) of the United States Code (18 U.S.C. secs. 2113(d), (e) (1970)). A reading of section 2113(d) shows that the defendant was convicted of armed bank robbery. It provides:

> "(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section [offenses concerning bank robbery], assaults any person, or puts in jeopardy the life of any person *by the use of a dangerous weapon or device*, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both." (Emphasis added.) (18 U.S.C. sec. 2113(d) (1970).)

Too, the defendant's criminal record set out in the presentence report states that he was convicted of "armed" bank robbery. The defendant did not object to the Federal conviction being described as one for armed bank robbery and in fact admitted it during the hearing on the State's petition for life imprisonment. It must be concluded that the Federal conviction was for armed bank robbery; that the defendant was not sentenced on the basis of materially false information so as to be denied due process or a fair sentencing hearing. In view of this, any complaint of incompetency of counsel is, of course, groundless.

We must reject too the defendant's contention that it was improper under the statute to impose an extended-

term sentence on the basis of a Federal conviction.

In construing a statute, a court seeks to determine and give effect to the intent of the legislature. (*People v. Steppan* (1985), 105 Ill. 2d 310, 316; *People v. Robinson* (1982), 89 Ill. 2d 469, 475.) In doing this, the court must look to the plain language of the statute and to " '*** the reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained.' " *People v. Alejos* (1983), 97 Ill. 2d 502, 511, citing *Mid-South Chemical Corp. v. Carpentier* (1958), 14 Ill. 2d 514, 517; *People v. Robinson* (1982), 89 Ill. 2d 469, 475.

Section 5—5—3.2(b)(1) states that a sentence for an extended term may be imposed "[w]hen a defendant is convicted of any felony, after having been previously *convicted in Illinois* of the same or greater class felony, within 10 years, excluding time spent in custody ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(1).) There is no language in the statute, as the defendant notes, referring to convictions in Federal courts in Illinois. However, neither is there language confining the statute's application to convictions in State courts in Illinois.

Observing that the language of the statute does not exclude consideration of Federal convictions in Illinois, it is appropriate to consider the purpose of the extended-term statute. This court has said that the purpose of an habitual offender statute "is to impose harsher sentences on offenders whose repeated convictions have shown their resistance to correction." (*People v. Robinson* (1982), 89 Ill. 2d 469, 476; *People v. Baker* (1983), 114 Ill. App. 3d 803, 810.) This objective cannot be attained if the statute's application is to depend upon the sheer chance of an offender's having been convicted earlier in a Federal or in a State court. To construe the statute as providing only for consideration of convictions in State courts in Illinois would serve to defeat the statute's pur-

pose of imposing harsher sentences on repeating offenders, who as a matter of public policy should be subject to greater punishment. Too, curiously and unintentionally, it would treat more harshly offenders who have prior convictions in State courts, while exempting Federal offenders. The language and purpose of the statute require a conclusion that an offender's prior convictions in Federal as well as State courts in Illinois may be considered for imposition of an extended-term sentence under the provisions of section 5—5—3.2(b)(1). The trial court's consideration of the defendant's Federal conviction in imposing an extended-term sentence was not error.

In *People v. Robinson* (1980), 91 Ill. App. 3d 1128, 1132, *aff'd on other grounds* (1982), 89 Ill. 2d 469, too, the appellate court upheld a sentence for an extended term imposed upon consideration of the defendant's prior Federal conviction. The court stated:

"Notably, the phrase 'previously convicted in Illinois' is not necessarily limited to a conviction arising solely in the Illinois State courts, but could reasonably be construed to cover a conviction in Illinois in a Federal court for a Federal offense. *** [T]he Act provides for extended terms for crimes committed in Illinois, an objective supported by giving equal consideration to similar Federal crimes committed in Illinois." *People v. Robinson* (1980), 91 Ill. App. 3d 1128, 1132.

For the foregoing reasons, the judgment of the appellate court affirming the trial court is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

Section 5—5—3.2(b)(1) of the Unified Code of Corrections provides as a factor favoring imposition of an extended sentence that the defendant has "been previously convicted in Illinois of the same or greater class felony, within 10 years." (Ill. Rev. Stat. 1981, ch. 38, par.

1005—5—3.2(b)(1).) What is a conviction "in Illinois" is the question presented, and the majority decides that the phrase includes convictions in Federal courts sitting within the State. I disagree.

The majority includes Federal convictions because it finds the statute's central purpose to be heavier penalties for repeat offenders. Given that purpose, excluding convictions in the Federal court would, according to the majority, apply the statute "upon the sheer chance of an offender's having being convicted earlier in a Federal or in a State court" and "it would treat more harshly offenders who have prior convictions in State courts, while exempting Federal offenders." (113 Ill. 2d at 22.) The majority's reasons no more support the decision reached than they undermine the interpretation of section 5—5—3.2(b)(1) advanced by the defendant and contemporaneously rejected: the same criticisms of chance and unequal treatment leveled against the sovereign limitation (Illinois State convictions only) apply with equal force against the territorial limitation (State and Federal convictions in Illinois) which the court adopts. If prior Federal offenders are to be sentenced to extended terms because of their status as repeat offenders, why did our legislature not include extended terms for defendants with criminal records earned in other States? The statutory limitation "previously convicted in Illinois" does not allow for the consistent application of what the majority identifies as the statutory purpose—punishment of recidivism; it follows that the majority has failed to focus accurately upon the legislative intent by including prior convictions in Federal courts in Illinois within the purview of the statute.

Neither can the majority opinion be rationalized by the notion that an extended term is appropriate whenever the defendant has been convicted by either sovereign of a crime committed in Illinois: a defendant may

plead guilty or *nolo contendere* and be convicted "in a district other than that in which an indictment or information is pending against him" (Fed. R. Crim. P. 20(a)), so a conviction in a Federal court situated within Illinois does not establish that the crime was perpetrated in Illinois. In fact, there was nothing in the record before the trial judge at the time he sentenced the defendant in this case which indicated whether the bank robbery for which he was convicted by the Federal court located in Illinois took place in Illinois. (Although the State appended to its brief a copy of the Federal indictment specifying that the bank robbery occurred in Illinois, that copy has not been authenticated or subjected to challenge in court, and for that reason it cannot support the imposition of an extended sentence in this case.) Having striven to excise elements of chance from the invocation of section 5—5—3.2(b)(1), the majority in fact introduces a larger element of "sheer chance" (113 Ill. 2d at 21) since defendants convicted by a Federal court in Illinois for crimes committed in other States (or even United States territories) would be treated as recidivists while defendants whose prior convictions for felonious conduct in the same States were in State courts are not.

I have yet another problem with the interpretation adopted by the majority. The statute contemplates as a factor for an extended term that the defendant was previously convicted *"of the same or greater class felony."* (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(1).) By requiring that the previous conviction fall within "the same" or greater class of felony, the statute assumes that it will apply only to prior convictions for classified felonies. However, felonies are not classified in the Federal statutes. Moreover, section 5—5—3.2(b)(1) does not instruct the court to consider "any law of the United States *** which is substantially similar" to Illinois law, as does, for example, section 9—

1(b)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 9—1(b)(3)). I find, therefore, no reason to presume that the General Assembly intended Illinois courts in applying section 5—5—3.2(b)(1) to categorize the conduct outlawed by Federal laws according to the classes of analogous felonies proscribed under Illinois law.

The classification of defendants eligible for extended sentences under section 5—5—3.2(b)(1) is undoubtedly ambiguous; if it were not, we would not be spending all this time trying to construe it accurately. However, in searching for the proper interpretation of the statute, the majority has not been "mindful of the rule of construction in Illinois which requires us to resolve statutory ambiguities in favor of criminal defendants." (*People v. Foster* (1983), 99 Ill. 2d 48, 55.) In *People v. McCarty* (1983), 94 Ill. 2d 28, the court decided that robbery was not a form of theft for purposes of an enhanced sentence for recidivists (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(1)). "At the very least," the court observed, "it would violate the principle that ambiguities in penal statutes, *particularly in the case of enhancement provisions,* must be resolved in favor of the defendant (*People v. Hobbs* (1981), 86 Ill. 2d 242; *People v. Haron* (1981), 85 Ill. 2d 261, 277-78; *People v. Lund* (1943), 382 Ill. 213, 215-16; *People v. Carlock* (1981), 102 Ill. App. 3d 1100)." (Emphasis added.) *People v. McCarty* (1983), 94 Ill. 2d 28, 34-35.

For these reasons, I construe section 5—5—3.2(b)(1) as referring only to convictions in Illinois State courts. That construction is favored by our rule that ambiguities in penal statutes must be resolved favoring lenity. Accordingly, I dissent from the majority's opinion resolving this ambiguity to the contrary. I would remand this case for resentencing.