THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK R. DRAKE III, Defendant-Appellant.

First District (3rd Division)   No. 85—3060

Opinion filed May 13, 1987.

James J. Doherty, Public Defender, of Chicago (Robert D. Glick, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., James E. Fitzgerald, and Nancy L. Grauer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

Following a bench trial, defendant, Patrick R. Drake III, was convicted of theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(d)(1)) and was sentenced to nine months' incarceration in the Cook County Department of Corrections. He was also required to make restitution to the property owner in the amount of $100. On appeal, he contends that the State's evidence was not sufficient to prove him guilty beyond a reasonable doubt because the State proceeded under the portion of the theft statute proscribing the possession of stolen property and failed to prove that the property in this case was stolen by someone other than defendant. He also contends that his right to remain silent was violated.

On May 3, 1985, at about 7 a.m., the complainant, Mark Herlin, discovered that the car stereo, speakers, and seat covers had been stolen from his automobile. Also stolen was a piece of wood which he had painted black and which he had used to mount the speakers in the car. The papers from the glove compartment were strewn about the floor of the car. After making out a police report, he locked the car and went to work. The next evening he sorted through the papers scattered about the floor of the car. Among the papers was a sales receipt for a used 1975 red Chevrolet Caprice, purchased on May 2, 1985, by defendant. The sales receipt also contained defendant's address. The complainant reported his discovery to the police.

Shortly thereafter, Chicago Heights police detective Joseph Fiaoni went to the address displayed on the receipt. Neither the car nor defendant was there that evening. Detective Fiaoni returned on May 8 or 9. At that time, a black-over-red Chevrolet Caprice was parked in front of the house. He looked inside the car and saw stereo equipment that matched the description supplied by the complainant. The speakers were mounted in the back on a piece of black wood. He noticed a man entering the house. (He learned later that the man was defendant.) When the detective knocked on the door, the woman who answered said that defendant was not home and that the man who entered the house was her brother, Ricky. The detective asked whether he could speak to Ricky. The woman went to find out. When she returned she told the detective that Ricky did not want to speak to a police officer. The detective then had the automobile towed to a pound and contacted the complainant, who positively identified the stereo equipment and the piece of black wood as his property. The serial numbers confirmed that the equipment belonged to the complainant.

The detective subsequently obtained a photograph of defendant from another police department. The detective recognized the picture of defendant as the man earlier identified as Ricky. The detective returned to defendant's house with the photograph. He told defendant's father to have defendant voluntarily go to the police station. When defendant did not appear at the station for several days, the detective secured an arrest warrant. A week or two later, however, defendant voluntarily appeared at the police station. He identified himself as Patrick Drake III and said that he is called Ricky. He was arrested and charged with theft under section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(d)(1)). He now contends that the evidence tended to prove that he was the actual thief and that the State therefore failed to prove an essential element of the offense under section 16—1(d)(1), namely, that the property was stolen by another.

Section 16—1(d)(1) of the Criminal Code (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(d)(1)) formerly provided in pertinent part as follows:
"A person commits theft when he knowingly:
\* \* \*

(d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(1) Intends to deprive the owner permanently of the use or benefit of the property."

Section 16—1(d)(1) was the statutory equivalent of the former crime of receiving stolen property. (*People v. Frazier* (1983), 119 Ill. App. 3d 770, 775, 457 N.E.2d 1028.) Section 16—1(d)(1) proscribed the possession of stolen property (*People v. Branch* (1984), 123 Ill. App. 3d 245, 249, 462 N.E.2d 868) and was judicially construed to require that defendant not have been the actual thief (see, *e.g., People v. Sanders* (1984), 127 Ill. App. 3d 471, 476-77, 469 N.E.2d 287; *People v. Perkins* (1983), 115 Ill. App. 3d 423, 425, 450 N.E.2d 818). However, section 16—1(d)(1) was amended effective July 1, 1984, by Public Act 83—715, which deleted the words, "by another." Thus, the amended version of section 16—1(d)(1), which was in effect at the time that the offense in the instant case was committed, provides as follows:

"A person commits theft when he knowingly:

\* \* \*

(d) Obtains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(1) Intends to deprive the owner permanently of the use or benefit of the property." Ill. Rev. Stat. 1985, ch. 38, par. 16—1(d)(1), effective July 1, 1984.

When statutory language is clear, there is no need to resort to extrinsic aids for construction. (*Berwyn Lumber Co. v. Korshak* (1966), 34 Ill. 2d 320, 323, 215 N.E.2d 240; *People v. Shamery* (1953), 415 Ill. 177, 180, 112 N.E.2d 466, *cert. denied* (1953), 346 U.S. 836, 98 L. Ed. 358, 74 S. Ct. 54; *Waste Management of Illinois, Inc. v. Environmental Protection Agency* (1985), 137 Ill. App. 3d 619, 627, 484 N.E.2d 1128.) In our view, the plain language of the amended statute imports that the actual thief may be prosecuted under amended section 16—1(d)(1), because the key words, "by another," were deliberately deleted from the text. Those two words were the basis for the judicial interpretation requiring that the actual thief be a third party and not the defendant.

Furthermore, when conduct is violative of more than one statute, each requiring different proof for conviction (though there may be some overlapping), the State can prosecute under the statute of its choice. (*People v. Henderson* (1978), 71 Ill. 2d 53, 56-57, 373 N.E.2d 1338 (defendant may be prosecuted for forgery even though her conduct also violated the Controlled Substances Act); *People v. Brooks* (1976), 65 Ill. 2d 343, 346-47, 357 N.E.2d 1169 (defendant may be prosecuted for theft even though his conduct also violated the Public Aid Code); *People v. Gordon* (1976), 64 Ill. 2d 166, 170, 355 N.E.2d 3

(defendant may be prosecuted for theft even though his conduct also violated the Real Estate Brokers Act).) Defendant has no right to pick and choose his prosecution. (*People v. Barkenlau* (1982), 105 Ill. App. 3d 785, 790, 434 N.E.2d 856; *People v. Simpson* (1978), 57 Ill. App. 3d 442, 449, 373 N.E.2d 809, *aff'd* (1978), 74 Ill. 2d 497, 384 N.E.2d 373.) To the contrary, the State's Attorney is responsible for evaluating the evidence and other factors and is vested with the discretion to determine which offense should be charged. (*People v. Brooks* (1976), 65 Ill. 2d 343, 349, 357 N.E.2d 1169.) In the instant case, section 16—1(d)(1), as amended, appears to overlap with section 16—1(a), which provides that a person commits theft when he knowingly "[o]btains or exerts unauthorized control over property of the owner." (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a).) The two sections appear to encompass some of the same criminal liability in that section 16—1(d)(1) now appears to apply to criminal conduct of the actual thief as well as of another. The State was entitled to exercise its discretion in selecting the provision under which it preferred to proceed.

■ Although we believe that defendant's conviction can be sustained under section 16—1(d)(1) as amended without resort to extrinsic interpretative aids, we note that during the legislative debates concerning House Bill 690, which contained the amendment, the bill's sponsor, Representative Homer, explained that the bill:

> "rectifies a judicial construction problem involving the offense of theft of stolen property. A person commits theft under that Section of the Criminal Code when he obtains control over stolen property, knowing it to have been stolen, and these are the key words, 'by another.' According to judicial interpretation, the burden has been placed upon the state to prove that the item was stolen by someone other than the defendant. This provision would simply strike the words, 'by another', to accommodate the vast majority of *** of prosecutions in this area where an individual is found and known to be in possession of stolen property, but it's impossible to know the exact circumstances under which it was actually stolen. And it's to help deal with a very serious problem in this state dealing with the fencing of stolen merchandise." 83d Ill. Gen. Assem., House Proceedings, May 20, 1983, at 32.

He explained further that the bill:

> "basically provides for a redefinition of theft of stolen property." 83d Ill. Gen. Assem., House Proceedings, July 2, 1983, at 28.

Thus, the legislative intent was to redefine the offense of theft based

upon possession of stolen property to encompass conduct committed by the actual thief as well as by another. Accordingly, the State was not required to prove that the stereo equipment was actually stolen by someone other than defendant in the case at bar.

██ During the trial, the following colloquy ensued between the assistant State's Attorney and Detective Fiaoni, without objection by defense counsel:

"Q. [Assistant State's Attorney] Officer, after Mr. Drake turned himself in, what if anything then happened?

A. [Detective Fiaoni] I attempted to interview Mr. Drake after advising him of his *Miranda* warnings, and he refused to talk."

Relying upon *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, and *People v. Deberry* (1977), 46 Ill. App. 3d 719, 361 N.E.2d 632, defendant contends next that the above testimony violated his constitutionally protected right to remain silent. He claims that he was prejudiced by Detective Fiaoni's testimony concerning his silence at the police station. *Doyle v. Ohio* held that the due process clause prevents a prosecutor from using a defendant's post-*Miranda* silence to impeach his exculpatory testimony at trial. Defendant in the instant case did not take the stand to testify to an exculpatory version of the events. Therefore, *Doyle v. Ohio* is inapposite. In *People v. Deberry* the introduction of testimony as to defendant's post-*Miranda* silence was prejudicial error because the evidence was not overwhelming, defendant's credibility was a crucial issue, and the prosecutor emphasized defendant's silence during closing argument. The instant case does not involve defendant's credibility or prosecutorial emphasis upon his post-*Miranda* silence. Furthermore, we consider the testimony of the complainant and the police detective to constitute overwhelming evidence of defendant's guilt. Therefore, we find *People v. Deberry* to be factually inapposite.

Even if the introduction of the detective's testimony as to defendant's silence was erroneous, we believe that the alleged error was harmless beyond a reasonable doubt and is not cause for reversal. (*People v. Cox* (1985), 130 Ill. App. 3d 1073, 1079, 475 N.E.2d 248; *People v. Hairston* (1980), 86 Ill. App. 3d 295, 299-300, 408 N.E.2d 382.) In a bench trial, the trial judge presumably considered only admissible evidence and disregarded improper testimony. (See *People v. McNeal* (1977), 56 Ill. App. 3d 132, 138, 371 N.E.2d 926.) Moreover, in view of the overwhelming evidence of defendant's guilt, we hold that any error was harmless and does not require reversal of his conviction.

The judgment of the circuit court of Cook County is affirmed. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that defendant be assessed $50 as costs for the State's defending this appeal and incorporate it as part of our judgment.

Affirmed.

McNAMARA, P.J., and FREEMAN, J., concur.