THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMIE HARDEN, a/k/a Mayo Turner, Defendant-Appellant.

First District (4th Division)   No. 1—89—3254

Opinion filed October 31, 1991.

---

Alan R. Brunell, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth McCurry, and Peter Zaper, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a bench trial, defendant was convicted of armed robbery and sentenced to an extended term of 60 years' imprisonment. (Ill. Rev. Stat. 1981, ch. 38, pars. 18—2, 1005—5—3.2(b)(1).) This court and the supreme court subsequently affirmed the judgment. (*People v. Harden* (1986), 113 Ill. 2d 14, 495 N.E.2d 490; *People v. Harden* (1985), 130 Ill. App. 3d 1158, 493 N.E.2d 755 (unpublished order under Supreme Court Rule 23).) On December 9, 1988, defendant filed a petition pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). The trial court denied the petition without an evidentiary hearing. On appeal, defendant contends he was entitled to an evidentiary hearing since (1) the allegations supported his claims that he was denied due process of law and that defense counsel had rendered constitutionally deficient assistance at the sentencing hearing, (2) the extended-term sentence was illegal because he had no prior Class X felony convictions, and (3) he was de-

nied his right to effective assistance of counsel because defense counsel did not apprise the sentencing court that a prior Federal conviction "had apparently been vacated."

Defendant and several codefendants pleaded guilty in the United States District Court to a two-count indictment charging separate violations of the Federal bank robbery statute. (18 U.S.C. §§2113(d), 2113(e) (1988).) The Federal indictment charged that on August 16, 1973, defendant, by force and while armed with a gun, took from the persons and presence of employees of the North Community State Bank in Chicago approximately $36,611.10 in money belonging to the bank and in committing this offense put in jeopardy the lives of customers and employees of the bank. Count II charged that while committing the acts as charged in count I, which was incorporated by reference, and in avoiding and attempting apprehension, defendant forced two individuals to accompany him and an accomplice against their will and without their consent in violation of section 2113(e). The court of appeals held that consecutive sentences under separate provisions of the bank robbery statute (18 U.S.C. §2113 (1988)) were improper, vacated the sentences and remanded the cause for resentencing. (*United States v. Turner* (7th Cir. 1975), 518 F.2d 14.) On October 13, 1976, the district court corrected the commitment order to eliminate the reference to count I since the sentence should not have been imposed on both counts under the court of appeals' decision. The district court's decision recited that its action was taken on the basis of a *pro se* motion by defendant.[1]

■ Defendant initially contends the trial court misapplied the doctrine of *res judicata*. Defendant says that the original trial court, this court and the supreme court were never apprised of the fact that his Federal conviction for "armed bank robbery" had been vacated. The State contends that when a defendant has taken an appeal from a judgment of conviction, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all other issues which could have been presented to the reviewing court, if not presented, are waived. *People v. Stewart* (1988), 123 Ill. 2d 368, 375-76, 528 N.E.2d 631.

We agree with the State that the issues now presented by defendant have been waived. It is significant that defendant did not allege he was unaware of the district court's 1976 order regarding his Fed-

---

[1] *It has been held that section 2113(d) creates a lesser-included offense of the crime defined in section 2113(e), although the circuits disagree on this point. United States v. Whitley (4th Cir. 1985), 759 F.2d 327, 331.*

eral conviction. It is clear that defendant could have raised this issue in the direct appeal, but he did not do so. Defendant did present a related issue, that the extended-term sentence based upon his prior Federal conviction was improper. This court held that issue was waived because of defendant's failure to object in the trial court. The supreme court concluded that we correctly held that defendant had waived any question on the propriety of the imposition of an extended term based on his Federal conviction. (*People v. Harden*, 113 Ill. 2d at 18, 495 N.E.2d at 492.) For post-conviction purposes, we conclude that defendant has waived this issue.

■ Defendant next contends that the extended-term sentence is illegal since the sole basis of the sentence was the trial court's belief that the defendant had a Federal conviction which the court treated as a Class X felony. Defendant says that the sentence for this offense had been vacated and all reference to the charge stricken. But, it is apparent from the order of the district court that the charge had not been stricken and that defendant's conviction under count II was valid. The supreme court rejected defendant's contention that it was improper to impose an extended-term sentence on the basis of a Federal conviction in Illinois and said that consideration of his Federal conviction in imposing an extended-term sentence was not error. (*People v. Harden*, 113 Ill. 2d at 20-22, 495 N.E.2d at 493-94.) We conclude that this argument could have been presented on the direct appeal, that it was partly rejected on the direct appeal and it is without merit. Defendant's argument that "no final judgment exists as to this charge" is directly contradicted by the record, particularly the judgment of the Federal district court.

■ Finally, defendant contends he was deprived of effective assistance of counsel, who failed to apprise the trial court that the prior Federal conviction "had apparently been vacated in 1976." He says that he has established serious errors by counsel which prejudiced him so as to deprive him of a fair trial, as required by *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, and *People v. Albanese* (1984), 104 Ill. 2d 504, 525-27, 473 N.E.2d 1246. He says that defense counsel utterly failed to apprise the trial court that no final judgment existed as to the Federal conviction, that all reference to such offense had been stricken from his Federal commitment order and he argues that an extended-term sentence would never have been imposed if the trial court had been aware of these facts. Defendant alleged that his counsel did not discover that this conviction "was vacated," that he admitted that he had a Federal conviction for armed bank robbery at the sentencing hearing because

an entry on his "rap sheet" showing "armed bank robbery" was incomplete and did not reflect that his conviction and sentence were vacated; that the conviction was on count II (bank robbery with hostages); and, had counsel examined the Federal court file, he would have discovered defendant's conviction for armed bank robbery was vacated and defendant was not eligible for an extended-term sentence.

The State contends that this issue is *res judicata* and that trial counsel's actions could be considered a matter of trial strategy, citing *People v. Bryant* (1989), 128 Ill. 2d 448, 458-59, 539 N.E.2d 1221, 1226, where the court said that a criminal defendant cannot state a falsehood to his attorney and later claim that his attorney's reliance on the falsehood resulted in ineffective assistance of counsel. To state the obvious, defendant's conviction under 18 U.S.C. §2113(d) was vacated, but his conviction under 18 U.S.C. §2113(e) was sustained. It is misleading to say the conviction was "apparently vacated." But it is not apparent why this issue could not have been presented on the direct appeal. Given defendant's virtually certain knowledge of the facts surrounding the Federal conviction, we cannot say that any failure by counsel to check the Federal records of that conviction was conduct falling below an objective standard of reasonableness. (*People v. Bryant*, 128 Ill. 2d at 459, 539 N.E.2d at 1226.) And since defendant's conviction under section 2113(e) was sustained, any such argument would not have succeeded. Thus, we conclude that the defendant's claim of ineffective assistance of counsel is both barred by the doctrine of waiver and is without merit.

Therefore, the judgment of the circuit court of Cook County is affirmed. As part of our judgment, we grant the State's request and assess defendant $50 as costs for this appeal.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.