THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES M. SIVERSON, Defendant-Appellant.

Third District   No. 3—01—0095

Opinion filed September 6, 2002.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Hettel, State's Attorney, of Ottawa (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

The defendant, Charles M. Siverson, was charged with theft by obtaining unauthorized control over property (720 ILCS 5/16—1(a)(1) (West 2000)). On the witness stand, he confessed to theft by receiving stolen property (720 ILCS 5/16—1(a)(4) (West 2000)). The trial judge instructed the jury on both forms of theft. The jury returned a general verdict that the defendant was guilty of theft. He was sentenced to eight years' imprisonment. On appeal, the defendant argues that his due process rights were violated when the judge instructed the jury on a form of theft for which he was not charged. We affirm.

## BACKGROUND

Two Streator police officers testified that at approximately 11:30 a.m. on August 25, 2000, they were conducting surveillance in a parking lot because of a "crime stopper tip." They observed the defendant exit from a car and walk in their direction. He was carrying a box containing a camcorder under one arm and a cooler with his other hand. When the officers asked the defendant if they could talk with him, he threw up his hands and said "you caught me." The cooler contained various small items with K mart labels. The defendant told the officers that he "swiped" the camcorder and the small items from K mart.

A K mart manager testified that the defendant was working at the store on the day in question through a temporary agency. He had access to the entire store. The items found on the defendant by the officers had been stored in a room near where the defendant was working that day. When asked by the manager why he had a cooler near a tree outside the store, the defendant said he was keeping soft drinks in the cooler.

The manager said that Brian Persinger also was working at the store that day in the same area where the defendant was working. The police officers testified that Persinger was in the car that dropped off the defendant.

After the State rested, defense counsel told the judge that the defendant wished to testify on his own behalf. Defense counsel had advised the defendant that by testifying, he might implicate himself in having committed a "different version" of "the same crime." Despite his attorney's advice, the defendant wished to testify.

The defendant testified that he did not take the items from K mart. He said that he bought the items from Persinger knowing that Persinger stole the items from K mart.

During the conference on jury instructions, the judge stated that, because of the defendant's testimony, the judge was going to instruct the jury not only on subsection (a)(1) of the theft statute (720 ILCS 5/16—1(a)(1) (West 2000)), but also on subsection (a)(4) (720 ILCS 5/16—1(a)(4) (West 2000)). Defense counsel objected that subsection (a)(4) was a separate crime from subsection (a)(1). The attorney argued that the court, therefore, would be instructing the jury on a crime for which the defendant was not charged. The court overruled the objection and gave both instructions to the jury.

The jury found the defendant guilty of theft. The verdict form did not specify whether the defendant was guilty under subsection (a)(1) or subsection (a)(4). The defendant renewed his objection to the second jury instruction in a motion for new trial, which was denied. He was sentenced to eight years' imprisonment. The defendant appealed.

## ANALYSIS

The defendant contends that the trial court erred by giving the jury an instruction on theft by receiving stolen property when the defendant was charged with theft by obtaining unauthorized control over property.

■ In general, a defendant may not be convicted of an offense for which he was not charged. The question of whether the offense for which a defendant was convicted was included within the offense for which he was charged is a matter of law, which we review *de novo*. *People v. Landwer*, 166 Ill. 2d 475, 655 N.E.2d 848 (1995).

■ The version of the theft statute in force at the time the defendant committed the offense stated:

"(a) A person commits theft when he knowingly:

(1) [o]btains or exerts unauthorized control over property of the owner; or

\* \* \*

(4) [o]btains control over stolen property knowing the property to have been stolen \*\*\*." 720 ILCS 5/16—1(a)(1), (a)(4) (West 2000).

In *People v. Marino*, 44 Ill. 2d 562, 256 N.E.2d 770 (1970), the Illinois Supreme Court considered the analogous sections of the 1963 version of the theft statute. The statute then read:

"A person commits theft when he knowingly:

(a) [o]btains or exerts unauthorized control over property of the owner; or

\* \* \*

(d) [o]btains control over stolen property knowing the property to have been stolen by another[.]" Ill. Rev. Stat. 1963, ch. 38, pars. 16—1(a), (d).

The defendants in *Marino* argued that they should have been charged under subsection (d) rather than subsection (a) of the statute. The *Marino* court said that the conduct proscribed in subsection (d) was not a separate theft offense but, rather, was included within subsection (a).

■ In the present case, the defendant contends that subsections (a)(1) and (a)(4) of the 2000 version of the theft statute are separate offenses. These two subsections of the 2000 statute are virtually identical to subsections (a) and (d), respectively, of the 1963 statute. Under *Marino*, we hold that subsections (a)(1) and (a)(4) of the 2000 theft statute are not separate offenses.

In this case, the defendant was charged with theft under subsection (a)(1). On the witness stand and against defense counsel's advice, he confessed to theft by receiving stolen property knowing that it had been stolen. The judge instructed the jury on a form of theft that was introduced into evidence by his own courtroom admission. Under *Marino*, he was convicted of the same offense for which he was charged. Therefore, as a matter of law, the defendant's due process rights were not violated when the trial judge instructed the jury on theft under subsection (a)(4) when the defendant was charged with theft under subsection (a)(1).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the La Salle County circuit court.

Affirmed.

HOMER and McDADE, JJ., concur.