THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. COLLEEN CEJA, Defendant-Appellee.

Third District    No. 3—03—0950

Opinion filed July 30, 2004.

Jeff Tomczak, State's Attorney, of Joliet (Lawrence M. Bauer and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Colleen Ceja, was charged with aggravated driving under the influence of alcohol (625 ILCS 5/11—501(a)(1) (West 2002)). During the bench trial, the circuit court suppressed a videotape that contained only the audio portion of the defendant performing field

sobriety tests. On appeal, the State argues that the circuit court erred when it suppressed the videotape in question. We affirm.

On February 21, 2002, Joliet police officer James Schnura initiated a traffic stop of the defendant after observing the defendant's car weave into a lane of oncoming traffic. During the stop, Schnura observed signs of intoxication in the defendant. Schnura then called Officer Francis Ferro to the scene to videotape the defendant's performance of field sobriety tests.

Ferro testified that he operated the camera from his squad car and that the video screen inside his squad car led him to believe that the recorder was functioning properly. However, once the officers returned to the police station, they discovered that dirty videocassette recorder (VCR) heads resulted in the failure of the video portion to record. Hence, the officers were left with only the audio portion of the defendant performing field sobriety tests.

At trial, the State attempted to introduce the videotape into evidence, to which the defendant made an oral motion to suppress the evidence. The defendant argued that the admission of the videotape without the video portion of the recording violated section 14—5 of the Criminal Code of 1961 (720 ILCS 5/14—5 (West 2002)), which generally renders audio recordings of conversations inadmissible at trial. Specifically, the defendant contended that the videotape, absent the video portion of the defendant's performance, did not fall within the statutory exemption for audio recordings "made simultaneously with a video recording." 720 ILCS 5/14—3(h) (West 2002). The circuit court agreed with the defendant and suppressed the videotape, and this appeal followed.

On appeal, the State argues that the videotape qualifies for the section 14—3(h) exemption (720 ILCS 5/14—3(h) (West 2002)), even though the videotape contains only an audio recording of the traffic stop.

This case presents an issue of statutory construction. When construing a statute, we are to determine and give effect to the legislature's intent. *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996). In doing so, we look to the plain language of the statute; if the statute's plain meaning is clear and unambiguous, we are to apply the statute without using further tools of statutory construction. *Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305. Because statutory construction is a question of law, we review the circuit court's order *de novo*. *Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305.

Illinois law prohibits the use of eavesdropping devices to record conversations unless all parties to the conversation consent to the recording. 720 ILCS 5/14—2 (West 2002). While evidence obtained via

prohibited recordings is inadmissible at trial (720 ILCS 5/14—5 (West 2002)), there are several exemptions to this prohibition. Section 14—3(h) provides an exemption for "[r]ecordings made simultaneously with a video recording of an oral conversation between a peace officer, who has identified his or her office, and a person stopped for an investigation of an offense under the Illinois Vehicle Code." 720 ILCS 5/14—3(h) (West 2002).

■ The State contends that the police simultaneously recorded audio and video of the defendant performing field sobriety tests and that the failure of the police equipment to record the video of the defendant does not remove the videotape from the section 14—3(h) exemption. We disagree. The plain language of section 14—3(h) provides an exemption for recordings of audio when made simultaneously with a video recording. 720 ILCS 5/14—3(h) (West 2002). Because there is no video on the tape, it cannot be argued that the police simultaneously recorded the audio and video of the defendant performing field sobriety tests, as required by the statute. Therefore, the videotape in question is the equivalent of an audio recording prohibited by Illinois law and does not qualify for the section 14—3(h) exemption.

The State also argues that, even if the videotape does not qualify for the section 14—3(h) exemption, the videotape is admissible because it complies with the legislative purpose behind the statutory prohibition on recorded conversations.

Not all violations of the prohibition on recorded conversations mandate the suppression of evidence, even though we are to strictly construe the prohibition. *People v. Roake*, 334 Ill. App. 3d 504, 778 N.E.2d 272 (2002). In *Roake*, the court observed:

> "Suppression is required only where there is a failure to satisfy any of the statutory requirements that directly and substantially implement the legislative intent to limit the use of eavesdropping devices. [Citation.] Where there is a failure to comply with statutory requirements, suppression depends on whether (1) the particular safeguard is central to the legislative scheme of preventing abuses; (2) the purpose the particular procedure was designed to accomplish has been satisfied despite the error; and (3) the statutory requirement was deliberately ignored and, if so, whether the State gained any tactical advantage thereby. [Citation.]" *Roake*, 334 Ill. App. 3d at 514, 778 N.E.2d at 280.

The video requirement in section 14—3 acts as a guarantee of an audio recording's authenticity. Because the legislature has decided that the video portion is central to the protective scheme embodied in section 14—3(h), admitting the videotape in question would frustrate

the legislative purpose behind the exemption. Therefore, the circuit court's suppression order was proper.

In support of its position, the State also cites *People v. Ledesma*, 206 Ill. 2d 571, 795 N.E.2d 253 (2003), for the proposition that an "inadvertent error" in obtaining the evidence at issue does not operate to remove the evidence from the protection of the applicable exemption. We do not believe *Ledesma* stands for this proposition.

In *Ledesma*, a person using a police scanner overheard a cellular phone conversation regarding an imminent drug deal. *Ledesma*, 206 Ill. 2d 571, 795 N.E.2d 253. That person then relayed the information to the police, who used the tip to prevent the drug deal. *Ledesma*, 206 Ill. 2d 571, 795 N.E.2d 253.

The exemption at issue in *Ledesma*, section 14—3(d), exempts " '[r]ecording or listening with the aid of any device to any emergency communication made in the normal course of operations by any federal, state or local law enforcement agency or institutions dealing in emergency services.' " *Ledesma*, 206 Ill. 2d at 577, 795 N.E.2d at 258, quoting 720 ILCS 5/14—3(d) (West 1998). In holding that the evidence was admissible, the court ruled that section 14—3(d) specifically exempts police scanners from the eavesdropping prohibition. The court also noted that the evidence was obtained inadvertently, but it did not set forth a broad "inadvertent error" exception to section 14—5. In fact, the court did not find that error was committed at all. We therefore find *Ledesma* to be inapposite.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and LYTTON, JJ., concur.