No. 2--05--0680                    filed: 11/16/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 03--DT--6240 |
| WALTER BABOLCSAY, | ) ) | Honorable Kenneth Torluemke, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

The State appeals a trial court order suppressing the testimony of the police officer who arrested defendant, Walter Babolcsay, for driving under the influence of alcohol (DUI) (625 ILCS 5/11--501 (West 2002)). On appeal, the State argues that the trial court erred in basing its decision on People v. Ceja, 351 Ill. App. 3d 299 (2004). We agree and reverse the order and remand the cause for further proceedings.

I. BACKGROUND

On December 18, 2003, defendant was involved in a crash on Thorndale Road in Wood Dale. The officer on the scene ticketed defendant with failure to reduce speed and noticed that defendant's eyes were red and glassy and that he emitted a strong alcoholic odor. The officer indicated on his report that defendant stated he had consumed three to four beers that evening. The officer then began videotaping the encounter, using the equipment in his squad car to create an audio and video

record of the ensuing events. With the camera recording, defendant performed several field sobriety tests and was then arrested for DUI. After being transported to the Wood Dale police department, defendant was asked to take a breath examination. Defendant refused and was served with an immediate notice of summary suspension of his driving privileges.

Subsequently, it was discovered that the video portion of the recording was useless because of the poor quality of the images. It was undisputed that the poor video quality resulted from a technical failure and not from any intentional or negligent conduct by the Wood Dale police. Defendant filed a motion to quash the arrest and suppress evidence on July 14, 2004, alleging that the police lacked probable cause and that the exclusionary rule prohibited the admission of physical evidence, statements made by defendant, testimony of witnesses to defendant's detention, and all other evidence derived from the illegal arrest. Defendant then filed a supplemental motion to quash the arrest and suppress evidence on November 8, 2004. In that motion, defendant specifically requested that both the video and the audio portions of the tape recording from December 18, 2003, be suppressed, and he cited Ceja as authority. Defendant's supplemental motion argued that because the defective videotape was not a simultaneous recording of video and audio, it violated section 14--3(h) of the Illinois Eavesdropping Act (Act) (720 ILCS 5/14--3(h) (West 2002)), and both the audio and the video portions were inadmissible.

In its response, the State conceded that the videotape was inadmissible under Ceja. At the hearing on April 27, 2005, defendant orally argued not only for the suppression of the videotape but also for the suppression of all evidence, including the testimony of the arresting officer. For this proposition, defendant relied on the fruit-of-the-poisonous-tree doctrine discussed in Wong Sun v. United States, 371 U.S. 471, 484-85, 9 L. Ed. 2d 441, 453-54, 83 S. Ct. 407, 415-16 (1963).

Defendant argued that because the videotape violated the Act, any evidence stemming from the videotaping was also inadmissible. The State did not dispute the inadmissibility of the videotape itself but argued that the arresting officer should be allowed to testify as to his observations and that Ceja was silent as to this issue.

The trial court granted defendant's motion to suppress the testimony of the arresting officer, but not to the extent of defendant's request. According to the court, the suppression of testimony extended to only the period of time the videotaping occurred. It did not extend to the basis for the officer's stop, to his observations prior to the stop, to whether defendant violated traffic laws, or to events at the police station after the arrest, because those situations are "typically not recorded" in DUI cases. Further, the court denied defendant's motion to quash the arrest.

The State filed a motion for reconsideration, and that motion was denied on June 14, 2005. The State filed its certificate of impairment stating that the suppression of the arresting officer's testimony substantially impaired the State's ability to prosecute, and it timely appealed the matter. We now review de novo, as the question before this court is solely a legal question. People v. Watson, 214 Ill. 2d 271, 279 (2005).

## II. ARGUMENT

In its brief, the State first argues that the videotape does not violate the Act, and therefore the testimony of the arresting officer cannot be barred under the fruit-of-the-poisonous-tree doctrine. This argument, however, was never raised in the trial court. In fact, the State conceded that the videotape was inadmissible under Ceja, which held that a tape recording without video violates the Act and is inadmissible. Ceja, 351 Ill. App. 3d at 301-02. Therefore, we will not address whether the videotape in this case actually violated section 14--3(h) of the Act, and we continue under the

parties' stipulation that the tape does violate the Act. 720 ILCS 5/14--3(h) (West 2002).

The remainder of the State's argument focuses on the fruit-of-the-poisonous-tree doctrine. The State argues that even if the videotape violated the Act, the fruit-of-the-poisonous-tree doctrine does not apply to the arresting officer's testimony, and we agree. In People v. Maslowsky, 34 Ill. 2d 456, 464-65 (1966), the supreme court held that the fruit-of-the-poisonous-tree doctrine was expressly included in the eavesdropping statute. The supreme court in People v. Gervasi, 89 Ill. 2d 522, 528 (1982), adopted the test used in Wong Sun to determine whether evidence is the fruit of the poisonous tree:

"We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' [Citation.]" Wong Sun, 371 U.S. at 487-88, 9 L. Ed. 2d at 455, 83 S. Ct. at 417.

The fruit-of-the-poisonous-tree doctrine is meant to prevent the admission of evidence obtained as a result of illegal conduct, not evidence obtained from an independent source. People v. Mosley, 63 Ill. App. 3d 437, 444 (1978).

In Gervasi, investigators had court reporters secretly transcribe several telephone conversations and one in-person conversation between investigators and the defendant. Gervasi, 89 Ill. 2d at 524-25. The trial court suppressed the transcripts and the prospective testimony of the court reporters and investigators. The appellate court affirmed but remanded with instructions to conduct a hearing to determine whether the testimony of the investigators and the court reporters was the fruit

of the poisonous tree. Gervasi, 89 Ill. 2d at 526. In its reversal, the supreme court explained that the officers were actual participants in the telephone conversations with the defendant and that the conversations were not the result of the illegal eavesdropping activities. Gervasi, 89 Ill. 2d at 529-30. The court stated that there was "no primary illegality in regard to the investigators' knowledge of the content of the conversations." Gervasi, 89 Ill. 2d at 529. The investigators' telephone conversations with the defendant were not derived from, motivated by, or connected to the court reporters' eavesdropping activities, and thus, the court held that the testimony was not barred under the fruit-of-the-poisonous-tree doctrine. Gervasi, 89 Ill. 2d at 530-31. The court also held that the testimony of the investigators and court reporters regarding the in-person conversation should not have been suppressed, for the same reason. Gervasi, 89 Ill. 2d at 533.

Likewise, in Mosley, the court held that the testimony of a police investigator was admissible regardless of whether police illegally recorded conversations with the defendant. Mosley, 63 Ill. App. 3d at 444. The court found that the conversations between the defendant and the investigator occurred as a result of the investigation of alleged payoffs and would have occurred regardless of whether the conversations were recorded legally or illegally. Mosley, 63 Ill. App. 3d at 444. Therefore, the officer's testimony was derived from a source independent of the recordings, and the court reversed the trial court's suppression of the testimony. Mosley, 63 Ill. App. 3d at 444-45.

Like the conversations in Gervasi and Mosley, the conversation between the officer and defendant took place as a result of the officer's investigation of a possible DUI offense, not as a result of the videotape recording. The videotaping activity did not lead to the officer's conversation; rather, the videotaping was meant to memorialize a conversation that would have occurred regardless. The officer's testimony is not the fruit of the poisonous tree but rather is derived from a completely

independent source and is admissible. Thus, the trial court erred when it granted defendant's motion to suppress testimony of the officer regarding his communications with defendant while the recording took place.

Both the trial court and defendant rely on Ceja for the argument that the officer's testimony falls under the fruit-of-the-poisonous-tree doctrine. Although Ceja was factually similar to the case at bar, we find that the holding in Ceja does not apply to the issue presented in this case. In Ceja, the police attempted to videotape the defendant performing field sobriety tests, but a technical difficulty caused the video portion to fail, leaving police with only an audio recording. Ceja, 351 Ill. App. 3d at 300. The State in that case sought the admission of the defective tape recording and argued that the tape did not violate section 14--3(h) of the Act. Ceja, 351 Ill. App. 3d at 300. The admissibility of any other evidence, including the arresting officer's testimony, was not raised in Ceja nor does that court comment on the fruit-of-the-poisonous-tree doctrine as it pertains to evidence relating to an illegal recording. Therefore, we find that the holding in Ceja is limited to cases involving questions of the admissibility of videotape recordings under section 14--3(h) of the Act and does not apply to the issue presented in this case.

### III. CONCLUSION

For the foregoing reasons, we reverse the order entered by the circuit court of Du Page County and remand this cause for further proceedings.

Reversed and remanded.

O'MALLEY and KAPALA, JJ., concur.