Filed 01/12/07          NO. 4-05-0869

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ONTARIO L. WALLS, | ) | No. 03CF1232 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Stuart H. Shiffman, |
| | ) | Judge Presiding. |

_____

MODIFIED UPON DENIAL OF REHEARING

JUSTICE STEIGMANN delivered the opinion of the court:

In June 2005, a jury convicted defendant, Ontario L.
Walls, of two counts of second degree murder (720 ILCS 5/9-2
(West 2002)) and one count of aggravated battery with a firearm
(720 ILCS 5/12-4.2 (West 2002)).  The trial court later sentenced
him to 15 years on each of the second-degree-murder convictions
and 15 years on the aggravated-battery-with-a-firearm conviction,
with all three sentences to run consecutively.

Defendant appeals, arguing only that the guilty ver-
dicts for second degree murder and aggravated battery with a
firearm were inconsistent because they required a finding of
conflicting mental states for the same conduct.  We disagree and
affirm.

I. BACKGROUND

Evidence presented at defendant's June 2005 trial

showed the following.  On November 19, 2003, two fistfights erupted between friends of defendant and friends of the following victims in this case:  Kendrix Morgan, Clarence Perkins, and Michael Cummings.  In the early morning on November 20, 2003, shots were fired at defendant's Springfield residence while he and his family were inside.  Defendant's wife was grazed by a bullet.  At the time of the shooting, both defendant and his wife saw a white Chevy Caprice in a driveway across the street from defendant's residence.

Around 9 a.m. on November 26, 2003, in the 2100 block of South Wirt in Springfield, defendant and his brother, Itasha Walls, opened fire on the white Chevy, which was parked.  As a result, Morgan and Perkins both died from gunshot wounds to their heads.  Cummings was wounded but survived.  The car had been hit with at least 13 bullets.  Cummings later identified defendant as one of the shooters.

Defendant gave two different statements to police.  First, he claimed that he was at a job interview and knew nothing about the shooting.  A few hours later, he admitted that he and Itasha saw the white Chevy and believed its occupants were responsible for the November 20, 2003, shooting of defendant's residence.  Defendant and Itasha then got their guns, went to the car, and opened fire on it.

At trial, defendant presented evidence to show that, at

the time he fired on the car, he believed the circumstances to be such that the deadly use of force was justified, but that his belief was unreasonable. Specifically, he presented evidence that (1) the white Chevy had been seen cruising by defendant's house and the car's occupants made threatening gestures; (2) although defendant and Itasha got their weapons before they approached the car, they intended to try to resolve their differences with the car's occupants peacefully; (3) when Itasha looked into the front window of the car (the only window that was not tinted), he saw Morgan holding a gun and pointing it at him; (4) Itasha began to fire his gun at the car because he was in fear for his own life; and (5) defendant began firing after Itasha fired.

Based on this evidence, the jury convicted defendant of two counts of second degree murder for the deaths of Morgan and Perkins (720 ILCS 5/9-2 (West 2002)) and one count of aggravated battery with a firearm for the shooting of Cummings (720 ILCS 5/12-4.2 (West 2002)).

This appeal followed.

## II. THE GUILTY VERDICTS

Defendant argues that the guilty verdicts for second degree murder and aggravated battery with a firearm were inconsistent because they required findings of conflicting mental states for the same conduct. We disagree.

- 3 -

"'Legally inconsistent verdicts occur when an essential element of each crime must, by the very nature of the verdicts, have been found to exist and to not exist even though the offenses arise out of the same set of facts.'" People v. Price, 221 Ill. 2d 182, 188, 850 N.E.2d 199, 202 (2006), quoting People v. Frieberg, 147 Ill. 2d 326, 343, 589 N.E.2d 508, 516 (1992). A claim that two verdicts are legally inconsistent presents a question of law that we review de novo. Price, 221 Ill. 2d at 189, 850 N.E.2d at 202.

We begin by setting forth the statutory definitions of the two offenses at issue. Section 9-2 of the Criminal Code of 1961 (Code) defines "second degree murder," in pertinent part, as follows:

"(a) A person commits the offense of second degree murder when he commits the offense of first degree murder as defined in paragraphs (1) or (2) of subsection (a) of [s]ection 9-1 of this Code and either of the following mitigating factors are present:

(1) At the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the

- 4 -

offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed; or

(2) At the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in [a]rticle 7 of this Code, but his belief is unreasonable.

***

(c) When a defendant is on trial for first degree murder and evidence of either of the mitigating factors defined in subsection (a) of this [s]ection has been presented, the burden of proof is on the defendant to prove either mitigating factor by a preponderance of the evidence before the defendant can be found guilty of second degree murder. *** In a jury trial for first degree murder in which evidence of either of the mitigating factors *** of this [s]ection has been presented and the defendant has requested that

the jury be given the option of finding the defendant guilty of second degree murder, the jury must be instructed that it may not consider whether the defendant has met his burden of proof with regard to second degree murder until and unless it has first determined that the State has proven beyond a reasonable doubt each of the elements of first degree murder."  720 ILCS 5/9-2 (West 2002).

Subsections (1) and (2) of section 9-1(a) of the Code, referred to in the foregoing section, provide as follows:

"(a) A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:

(1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or

(2) he knows that such acts create a strong probability of death or great bodily harm to that

individual or another."  720 ILCS
5/9-1 (West 2002).

Under section 12-4.2 of the Code, "[a] person commits aggravated battery with a firearm when he, in committing a battery, knowingly or intentionally by means of the discharging of a firearm (1) causes any injury to another person."  720 ILCS 5/12-4.2 (West 2002).  The statutory definition of a battery includes the requirement that the actor's intentional or knowing conduct also be "without legal justification."  720 ILCS 5/12-3 (West 2002).

Defendant contends that the verdicts were inconsistent in that when he fired shots into the white Chevy he could not have believed both that (1) he was justified in shooting in self-defense (as to Morgan and Perkins) and (2) he was not justified in shooting (as to Cummings).

Defendant's argument that the mental states underlying each of his convictions conflict is based on a fundamental misunderstanding of Illinois' second-degree-murder statute.  In 1995, in People v. Jeffries, 164 Ill. 2d 104, 122, 646 N.E.2d 587, 595 (1995), our supreme court explained the relationship between first and second degree murder and the requisite mental state for a second-degree-murder conviction:

"[T]he mental states required for *** second
degree murder[] are identical to that re-

quired for first degree murder.  Illinois law recognizes <u>only</u> the following four mental states: intent, knowledge, recklessness, and negligence.  [Citation.]  Murder and second degree murder each require the same mental state: either <u>intent</u> or <u>knowledge</u>.  [Citations.]  Moreover, second degree murder is <u>not</u> a lesser included offense of murder.  Section 2-9 of the [Code] defines an included offense in pertinent part as an offense that '[i]s established by *** a less culpable mental state.'  [Citation.]  Having determined that the mental states for murder and second degree murder are identical, it is evident that second degree murder is not a lesser included offense of first degree murder.  Rather, second degree murder is more accurately described as a <u>lesser</u> <u>mitigated</u> <u>offense</u> of first degree murder."  (Emphases in original.)

In <u>People v. Lopez</u>, 166 Ill. 2d 441, 449, 655 N.E.2d 864, 867-68 (1995), the supreme court explained again that "second degree murder requires the presence of a mitigating circumstance, which, while not an element or mental state, does

reduce the culpability and thus the sentencing range."

Thus, defendant is incorrect when he asserts that his "mental state" when he committed the second degree murder of Perkins and Morgan was that he believed that he was justified in shooting. The only mental state the State was required to prove --and did prove--on the murder counts was either (1) intent (to kill or do great bodily harm) or (2) knowledge (that the shooting would likely cause death). See Jeffries, 164 Ill. 2d at 122, 646 N.E.2d at 595 ("Illinois law recognizes only the following four mental states: intent, knowledge, recklessness, and negligence" (emphasis in original)). Defendant's belief that he was justified in shooting constituted a "mitigating circumstance," not a mental state, and the jury's finding that such a mitigating circumstance existed did not negate the already proved mental state required for a first-degree-murder conviction. See People v. Thompson, 354 Ill. App. 3d 579, 584, 821 N.E.2d 664, 669 (2004) ("first degree and second degree murder each require the same mental state, either intent or knowledge, and it is the presence of statutory mitigating factors that reduces an unlawful homicide from first degree to second degree murder, not the absence of an intent to kill"). Accordingly, no inconsistency exists between the mental states underlying defendant's convictions for second degree murder and aggravated battery with a firearm. See People v. Torres, 269 Ill. App. 3d 339, 348-49, 645

N.E.2d 1018, 1024-25 (1995) (holding that guilty verdicts on second degree murder and aggravated discharge of a firearm were not legally inconsistent).  In addition, no inconsistency exists between convictions of second degree murder (defendant mistakenly thought justified) and battery (not justified).

In so concluding, we note that the creation of second degree murder was an act of legislative grace in that the legislature recognized that some circumstances under which the crime of first degree murder might be committed warrant lesser penalties than others.  The legislature has not seen fit to grant such grace as to other crimes.  We thus reject any argument that the existence of a mitigating circumstance under the second-degree-murder statute somehow forecloses the possibility of a guilty verdict on another charge arising from the same set of facts.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH and COOK, JJ., concur.