2022 IL App (3d) 190504-B

Opinion filed February 16, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0504 Circuit No. 19-CF-61 |
| | ) | |
| KENDALL D. HARRIS, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justices Holdridge and McDade concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    Defendant Kendall D. Harris was charged with two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i), (iii) (West 2018)). He filed a motion to suppress evidence, arguing that the court should exclude the testimony of a confidential informant and the audio and video recordings captured by the informant with a hidden camera. The trial court granted the motion. The State appealed the trial court's suppression of the video recording and testimony of the informant. On August 21, 2020, we affirmed. *People v. Harris*, 2020 IL App (3d) 190504. Our supreme court overruled that decision in *People v. Davis*, 2021 IL 126435. Thereafter, our supreme court directed us to vacate our judgment in *Harris* and consider the effect of its opinion

in *Davis* "on the issue of whether the trial court erred in suppressing the testimony of the confidential informant and the video recording without audio." *People v. Harris*, No. 126572 (2021) (nonprecedential supervisory order on denial of petition for leave to appeal). In light of our supreme court's decision in *Davis*, we now reverse the trial court's order denying the State's motion to suppress and remand for further proceedings.

¶ 2                                   I. BACKGROUND

¶ 3        Defendant was charged with two counts of unlawful delivery of a controlled substance for delivering substances containing heroin and fentanyl to a confidential informant. During the alleged drug transaction, the confidential informant was wearing a buttonhole camera that recorded both audio and video.

¶ 4        Prior to the alleged transaction, an assistant state's attorney approved a law enforcement officer's request for the informant to use an eavesdropping device pursuant to an exemption to the eavesdropping statute. The exemption allows a state's attorney to grant approval for an eavesdropping device "after determining that reasonable cause exists to believe that inculpatory conversations concerning a qualified offense will occur with a specified individual or individuals within a designated period of time." 720 ILCS 5/14-3(q)(1) (West 2018).

¶ 5        Pursuant to section 14-3(q)(2) of the Criminal Code of 2012 (Code) (*id.* § 14-3(q)(2)), the assistant state's attorney provided a "written memorialization" of the officer's request for an eavesdropping device in a form titled, "Qualified Offense Eavesdrop Exemption Form." On the form, the assistant state's attorney described the "reasonable cause" as follows: "[Confidential informant] advised his/her ability to purchase heroin from a black male known to the [confidential informant] as 'KG.' " The form contained the following description of the suspect: "Unknown Black Male known to the [confidential informant] as 'KG.' "

2

¶ 6    Defendant filed a motion to suppress evidence, arguing that there was lack of reasonable cause for the authorization of the use of an eavesdropping device. A hearing was held on the motion to suppress. Over defendant's objection, the court allowed the State to present the testimony of Kyle Jensen, a police officer employed by the Kankakee County Sheriff's Office.

¶ 7    Jensen testified that he worked with the confidential informant on the date of the incident. The informant had been working with law enforcement for approximately two years at that time. Jensen had worked with the informant on approximately 15 to 20 drug investigations, and she purchased controlled substances approximately 30 to 35 times during these investigations. She initially worked as an informant to work off a criminal charge. Once she had worked off the charge, she continued working with the police as a paid informant. The informant had never testified in a case she had been involved in.

¶ 8    On the date of the incident, Jensen called Assistant State's Attorney Marlow Jones on the phone and requested permission to conduct a consensual overhear. A consensual overhear gave the police authority to make an audio recording of a drug transaction. Jensen told Jones that he had a confidential informant who stated that she could buy narcotics from an individual whose nickname was "KG." Jensen told Jones that the informant had indicated that KG gave her his phone number and told her to call if she "needed anything." Jensen and Jones discussed the informant's past work with the police, including how many drug buys she had done and the number of targets from whom she had purchased narcotics. Jones asked if she had purchased from KG before, and Jensen told him she had not. At the time of the overhear request, the informant had conducted at least 20 drug buys. Jones granted Jensen permission to conduct the overhear. The informant conducted the buy 27 minutes later.

¶ 9       Jensen testified that the police did not know defendant's identity at the time of the buy. They only knew his nickname. A couple days prior to the buy, officers had driven around with the informant looking for defendant. They were unable to find him. Defense counsel asked Jensen if "everything flowed from [the] eavesdropping petition," since the police did not know the name of the target prior to the transaction. Jensen replied, "Correct." Jensen acknowledged that he utilized the 24-hour overhear procedure from section 14-3(q) of the Code rather than seeking a judicially authorized eavesdropping petition. Jensen stated that he did not seek a judicially authorized eavesdropping petition because the type of investigation he was conducting was "fluid" and conducted quickly. Jensen stated that he believed that the judicially authorized petitions were for longer investigations, and this investigation only involved one drug purchase.

¶ 10       During arguments on the motion, the State explained that police used confidential informants, like the one in this case, by "put[ting] a camera on this person" so that she "will successfully go and buy drugs." The confidential informant in this case "had successfully done exactly what it is they were planning on doing, which is put on a mic, put on a camera, and go and complete a drug transaction." This informant had purchased drugs for the police in this way more than 20 times before her encounter with defendant. The State explained: "You put a camera on this person because they are going to do what they have successfully done in the past, which is purchase cocaine, heroin, what have you."

¶ 11       After hearing arguments, the court granted defendant's motion to suppress. The court found that the exemption form's description of the suspect as a black male did not include a particularized description of an individual. The court also found that the form did not include a sufficient statement of reasonable cause and did not describe a designated period of time. The court ruled that the audio and video recordings were suppressed because they were obtained in violation of

4

the eavesdropping statute. The court further ruled that the confidential informant would be barred from testifying.

¶ 12        The State filed a motion to reconsider, arguing that the court should not have suppressed the confidential informant's testimony or the video portion of the recording. The court denied the motion, finding that the informant's testimony and the video recording were fruit of the poisonous tree. The State filed a certificate of impairment, and this appeal followed.

¶ 13        On August 21, 2020, we issued our initial decision in this matter. *Harris*, 2020 IL App (3d) 190504. We held that the trial court properly granted the defendant's motion to suppress the testimony of the confidential informant and the video recording of the drug transaction because the State's illegal recording led directly to that evidence. *Id.* ¶ 27. We determined that it would violate the purpose of the eavesdropping statute not to suppress that evidence. *Id.* ¶¶ 31-32.

¶ 14        On October 21, 2021, our supreme court issued its decision in *Davis*, 2021 IL 126435. In that case, our supreme court held that where a drug transaction between a confidential informant and a defendant is illegally recorded in violation of the eavesdropping statute, testimony from the confidential informant regarding the transaction and the video portion of the recording is still admissible. *Id.* ¶ 41. Our supreme court reasoned that suppression was not warranted because "neither the confidential informant's testimony nor the video recording was obtained as a result of the illegal audio recording." *Id.* Because we reached a contrary result in *Harris*, our supreme court overruled that decision. *Id.*

On November 24, 2021, our supreme court denied the State's petition for leave to appeal in this matter but directed this court to vacate our judgment and to consider the effect of its opinion in *Davis* "on the issue of whether the trial court erred in suppressing the testimony of the

confidential informant and the video recording without audio." *Harris*, No. 126572 (2021) (nonprecedential supervisory order on denial of petition for leave to appeal).

¶ 15                                    II. ANALYSIS

¶ 16       On appeal, the State concedes that the circuit court properly suppressed the audio recording of the transaction because the requirements of section 14-3(q) of the Code (720 ILCS 5/14-3(q) (West 2018)) were not met. However, the State contends that the court erred in suppressing the testimony of the confidential informant and the video recording without audio. The State contends that the video recording and informant's testimony were not barred by the eavesdropping statute and were not fruit of the poisonous tree.

¶ 17       The question before this court is solely a legal question; therefore, the standard of review is *de novo*. *People v. Babolcsay*, 368 Ill. App. 3d 712, 714 (2006).

¶ 18       The eavesdropping statute provides that a person commits the offense of eavesdropping when he or she knowingly and intentionally

> "[u]ses an eavesdropping device, in a surreptitious manner, for the purpose of *** transmitting, or recording all or any part of any private conversation to which he or she is not a party unless he or she does so with the consent of all of the parties to the private conversation." 720 ILCS 5/14-2(a)(2) (West 2018).

The eavesdropping statute also prohibits using or disclosing "any information which [the person] knows or reasonably should know was obtained from a private conversation or private electronic communication in violation of this Article, unless he or she does so with the consent of all of the parties." *Id.* § 14-2(a)(5).

¶ 19       An "eavesdropping device" is defined as "any device capable of being used to hear or record oral conversation or intercept, or transcribe electronic communications whether such

6

conversation or electronic communication is conducted in person, by telephone, or by any other means." *Id.* § 14-1(a). "Private conversation" is defined as "any oral communication between 2 or more persons, whether in person or transmitted between the parties by wire or other means, when one or more of the parties intended the communication to be of a private nature under circumstances reasonably justifying that expectation." *Id.* § 14-1(d).

¶ 20 Section 14-5 of the statute provides: "Any evidence obtained in violation of this Article is not admissible in any civil or criminal trial ***." *Id.* § 14-5. This provision is "the legislature's express adoption of the 'fruit of the poisonous tree' doctrine." *In re Marriage of Almquist*, 299 Ill. App. 3d 732 (1998) (citing *People v. Maslowsky*, 34 Ill. 2d 456 (1966)). It requires "the suppression of evidence obtained as the result of a violation of the eavesdropping statute." *People v. Seehausen*, 193 Ill. App. 3d 754, 761 (1990). This exclusionary rule applies only to information derived from the unlawful act, not to evidence obtained from an independent source. *Id.*

¶ 21 A confidential informant's testimony concerning a conversation in which he was a participant "d[oes] not constitute eavesdropping as that offense is defined in the statute" and, therefore, is "not evidence obtained in violation of the plain language of the eavesdropping statute." *Davis*, 2021 IL 126435, ¶ 19. Additionally, a video recording, without audio, is not obtained through an "eavesdropping device" as that term is defined in the statute. *Id.* ¶ 20. Thus, a silent video recording is also "not evidence obtained in violation of the plain language of the eavesdropping statute." *Id.*

¶ 22 Furthermore, section 14-5 of the statute does not require suppression of a confidential informant's testimony about a drug transaction because the informant's knowledge is derived from his participation in the conversation with the defendant, not from the illegal recording. *Id.* ¶ 41. Likewise, section 14-5 does not render inadmissible a video recording made simultaneously with

7

an illegal audio recording because the video recording is not "derived from the *** audio recording." *Id.* Thus, when a drug transaction between a defendant and a confidential informant is illegally recorded, testimony from the confidential informant and the video recording of the transaction are admissible and should not be suppressed. See *id.*

¶ 23 Here, the trial court granted defendant's motion to suppress, finding that the informant's testimony and the video portion of the recording were inadmissible. Because that evidence was admissible, pursuant to *Davis*, 2021 IL 126435, we reverse the circuit court's order granting defendant's motion to suppress.

¶ 24                                III. CONCLUSION

¶ 25 The judgment of the circuit court of Kankakee County is reversed, and the cause is remanded for further proceedings.

¶ 26 Reversed and remanded.

**No. 3-19-0504**

| | |
|---|---|
| **Cite as:** | *People v. Harris*, 2022 IL App (3d) 190504-B |
| **Decision Under Review:** | Appeal from the Circuit Court of Kankakee County, No. 19-CF-61; the Hon. Clark E. Erickson, Judge, presiding. |
| **Attorneys for Appellant:** | Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino, Thomas D. Arado, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Peter A. Carusona, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellee. |